UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYLER KOSTECKI d/b/a TYKO
CONSTRUCTION

        Plaintiff,

   v.

WILDHORSE MANAGEMENT,

        Defendant.

Case No. 3:24-cv-2159-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on a jurisdictional matter. Federal courts have limited jurisdiction. If, at any point, a federal court recognizes it lacks subject matter jurisdiction, the court must dismiss the suit, regardless of how far into litigation the case has gone. FED. R. CIV. P. 12(h)(3). One of the bases for jurisdiction is diversity. 28 U.S.C. § 1332. For diversity jurisdiction to apply, the parties must be completely diverse—meaning no plaintiff and defendant are citizens of the same state—and the amount in controversy must exceed $75,000. The Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

    A complaint asserting diversity jurisdiction must allege the citizenship of individual parties, not merely residences. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000.

Here, the complaint states that "[t]hat at all times mentioned herein, Tyko Construction was a <u>sole proprietorship</u> being operated by Tyler Kostecki and engaged in the business of providing rock and landscaping work and materials in Illinois and Missouri." (Id.) (emphasis added). The complaint alleges that "Tyler Kostecki['s] d/b/a Tyko Construction . . . <u>primary place of business</u> is Monroe County, Illinois, and Wildhorse Management, a Missouri Corporation. The amount in controversy exceeds $75,000." (Doc. 1). As pled, the complaint satisfies the amount in controversy requirement. However, the plaintiff has failed to properly plead citizenship—meaning diversity jurisdiction is unclear.

The plaintiff confuses the citizenship of a corporation with the citizenship of a sole proprietorship. A corporation's citizenship is based on its primary place of business and the state of incorporation. In contrast, a sole proprietorship's citizenship is the citizenship of the sole proprietor—the natural person. Both on the civil cover sheet, (Doc. 1), and the plaintiff's Rule 7.1 disclosure statement, (Doc. 3), only provide the plaintiff's residence, not citizenship. The plaintiff must plead the citizenship of Plaintiff Tyler Kostecki for the Court to evaluate diversity.

The Court hereby **ORDERS** Defendants shall have up to and including October 1, 2024 to amend the faulty pleading to correct the jurisdictional defects. *See* 28 U.S.C. § 1653. Failure to cure the noted defect will result in dismissal of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Defendant is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  September 18, 2024**

                                            *s/ J. Phil Gilbert*
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**