UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER KOSTECKI d/b/a<br>TYKO CONSTRUCTION,<br><br>        Plaintiff,<br><br>    v.<br><br>WILDHORSE MANAGEMENT,<br>JAMES WEISHAAR,<br>WILLIAM WEISHAAR, and<br>CHRIS WEISHAAR,<br><br>        Defendants. | Case No. 24-cv-02159-JPG |

## MEMORANDUM AND ORDER

This case is before the Court on plaintiff Tyler Kostecki d/b/a Tyko Construction's Motion for Leave to File Amended Complaint (Doc. 27). Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. Rule 15(a)(1) allows amendment of a complaint once as a matter of course within 21 days after service of a response or a motion to dismiss, a motion for a more definite statement, or a motion to strike. That time has passed, so whether the plaintiff should be allowed to amend his complaint is governed by Rule 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires. Although the text of the rule has changed in recent years, the rule still reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities. *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chi. Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Ind. Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993).

Generally, the decision whether to grant a party leave to amend the pleadings is a matter

left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

There is no evidence that the plaintiff asked this Court for leave to file an amended complaint for an improper purpose. Instead, it appears that the plaintiff is attempting to amend his complaint to conform with the evidence produced. Therefore, the Court finds that justice requires it to allow the plaintiff to file an amended complaint, and GRANTS plaintiff's Motion for Leave to File Amended Complaint (Doc. 27). Pursuant to S.D. Ill. Local Rule 15.1, for plaintiff's amended complaint to be given legal effect, it must be filed separately within five (5) days of the entry of this order.

**IT IS SO ORDERED.**
**DATED**:   September 8, 2025

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**